```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

ERIC CALL, an individual and       :
resident of Anne Arundel County,
et al.                             :

    v.                             :   Civil Action No. DKC 20-3304

                                                                                                          :

WOODROW JONES, III, in his
official capacity as Secretary     :
of State Police, et al.

**ORDER**

Plaintiffs brought this lawsuit against Defendants pursuant to 42 U.S.C. § 1983, alleging deprivation of Plaintiffs' rights under the Second and Fourteenth Amendments to the U.S. Constitution. (*See* Compl. ¶¶ 56-63, ECF No. 1). On December 7, 2020, Defendants moved to the dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 16). Plaintiffs filed an opposition on December 21, 2020. (ECF No. 20). Two organizations-Everytown for Gun Safety Action Fund and the Giffords Law Center to Prevent Gun Violence-filed motions for leave to file memoranda as *amici curiae*. (ECF Nos. 18 & 19).

Plaintiffs conceded in their complaint, as well as their opposition, that Plaintiffs' theory of liability is foreclosed by the binding decision of the United State Court of Appeals for the Fourth Circuit in *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013). (*See* ECF Nos. 1, at 3 and 20, at 8). Plaintiffs have

pleaded an admission that it is impossible for them to prevail under controlling law. The complaint will be dismissed. *See Malpasso v. Pallozzi*, 767 Fed.Appx. 525 (4th Cir. 2019) (affirming dismissal of similar complaint.)

Although the prospective *amici* have demonstrated a special interest in the litigation, the motions for leave will be denied because the proposed memoranda would provide no helpful legal analysis given that the court is obligated to dismiss the case. *See Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D.Md. 2020) ("Decisions about whether and how to allow amicus participation in federal district court are left to the discretion of the trial judge."); *see also Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F.Supp. 720, 728 (D.Md. 1996) ("The aid of *amici curiae* has been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance.").

For the foregoing reasons, it is this 19th day of March, 2021, by the United States District Court for the District of Maryland, ORDERED that:

1. The motions for leave to file as *amici curiae* (ECF Nos. 18 and 19) BE, and the same hereby are, DENIED;

2. The motion to dismiss filed by Defendants (ECF No. 16), BE, and the same hereby IS, GRANTED;

3. The complaint BE, and the same hereby IS, DISMISSED; and

4. The clerk will transmit copies of this Order to counsel for the parties and CLOSE this case.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge