FILED: August 11, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-1334
(1:20-cv-03304-DKC)

_____

ERIC CALL, an individual and resident of Anne Arundel County; CHRISTOPHER MEHL, an individual and resident of Calvert County; KYLE HARRISON, an individual and resident of Calvert County; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; MARYLAND SHALL ISSUE, INC., a Resident of Baltimore County; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS

   Plaintiffs - Appellants

v.

WOODROW JONES III, in his official capacity as Secretary of State Police; BRIAN FROSH, in his official capacity as Attorney General of Maryland

   Defendants - Appellees

_____

O R D E R

_____

Upon consideration of the joint motion to vacate and remand, the court grants the motion, vacates the judgment of the district court, and remands this case to the district court for further proceedings with instruction to dismiss the case as moot in

light of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (U.S. 2022). The clerk is directed to attach a copy of the motion to vacate and remand to this order and transmit a copy of both to the district court.

    Entered at the direction of Judge Rushing with the concurrence of Judge Thacker and Judge Quattlebaum.

                          For the Court

                          /s/ Patricia S. Connor, Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| ERIC CALL, *et al.*, | * | |
| *Appellants*, | * | |
| v. | * | No. 21-1334 |
| WOODROW JONES, III, *et al.*, | * | |
| *Appellees*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT MOTION TO VACATE AND REMAND WITH
INSTRUCTIONS TO DISMISS AS MOOT**

The parties jointly move under Federal Rule of Appellate Procedure 27 that this Court vacate the judgment of the district court and remand for further proceedings with instruction to dismiss the case as moot in light of the controlling Supreme Court precedent recently announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (U.S. 2022).

1.  On November 13, 2020, plaintiffs filed a complaint challenging Maryland's statutory requirement that, to be issued a permit to carry a handgun in public, an applicant must have a "good and substantial reason" for doing so. (ECF 1.) In their complaint, plaintiffs acknowledged that the result they sought was foreclosed by *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013), (ECF 1 ¶ 6), which held that Maryland's permitting scheme, and specifically its "good and substantial reason" requirement, passed constitutional muster.

2. On March 19, 2021, the district court granted defendants' motion to dismiss, agreeing "that Plaintiffs' theory of liability is foreclosed by the binding decision of [this Court] in *Woollard v. Gallagher*[.]" (ECF 25.) Plaintiffs appealed, (ECF 26), and this Court thereafter issued a briefing order (Doc. 3).

3. On April 26, 2021, the Supreme Court granted a petition for writ of certiorari in *Bruen*, 2021 WL 1602643. The question presented in that case was "[w]hether [New York's] denial of petitioners' applications for concealed-carry licenses for self-defense violated the Second Amendment." New York's law required that applicants must (among other things) prove that they had "proper cause" in order to be issued a public carry permit. Although the statute did not define "proper cause," New York courts had held that an applicant shows proper cause only if he or she can "demonstrate a special need for self-protection distinguishable from that of the general community."

4. Given the similarities between *Bruen* and this case, the parties filed a joint motion requesting that this Court hold this case in abeyance pending the Supreme Court's resolution of *Bruen*. (Doc. 18.) This Court granted the motion on May 10, 2021. (Doc. 20.)

5. On June 23, 2022, the Supreme Court decided *Bruen*. Rejecting a two-part test favored by the circuit courts that had applied means-end scrutiny and instead announcing a "test rooted in the Second Amendment's text, as informed by

2

history," the Supreme Court concluded that New York's "proper cause" law was unconstitutional. 2022 WL 2251305, at *9. In doing so, the Court noted that Maryland's law was "analog[ous]" to New York's law. *Id.* *5-6.

6. The following day, this Court issued a briefing order. (Doc. 21.) Appellants' brief is currently due on August 3, 2022.

7. On July 5, 2022, Governor of Maryland Lawrence J. Hogan, Jr. issued a statement in which he declared that, "[i]n light of [*Bruen*] and to ensure compliance with the Constitution, [he was] directing the Maryland State Police to immediately suspend utilization of the 'good and substantial reason' standard when reviewing applications for Wear and Carry Permits."[1] Governor Hogan stated that the New York law at issue in *Bruen* was "virtually indistinguishable from Maryland law," and that therefore "[i]t would be unconstitutional to continue enforcing this provision in state law."

8. Both the Supreme Court's decision in *Bruen*, as well as the Governor's response, render this case moot. *See Long v. Pekoske*, 38 F.4th 417, 422-23 (4th Cir. 2022) ("A case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case may become moot on appeal if there's '[a] change in factual circumstances[,] .

---

[1] Governor Hogan's statement is available at https://governor.maryland.gov/2022/07/05/governor-hogan-directs-maryland-state-police-to-suspend-good-and-substantial-reason-standard-for-wear-and-carry-permits/ (last visited July 26, 2022).

3

. . such as when the plaintiff receives the relief sought in his or her claim.'" (citations and some quotation marks omitted)). As set forth above, the complaint in this case challenged Maryland's "good and substantial reason" requirement to the extent that it allowed Maryland officials to deny a wear and carry permit based on a discretionary determination that an individual failed to show a specific need to carry a handgun that distinguished the applicant from the general public. By concluding that New York's discretionary scheme violated the Second Amendment, the Supreme Court's decision, in effect, thereby also invalidated laws that had "analog[ous]" schemes, including that embodied in Maryland's "good and substantial reason" requirement. Governor Hogan's executive action affirmed this conclusion and formalized the State's intent to comply with *Bruen*. On July 27, 2022, the Court of Special Appeals of Maryland issued a published decision holding that Maryland's good-and-substantial-reason requirement is unconstitutional under *Bruen*. *In re Rounds*, No. 1533, Sept. Term, 2021 (Md. Ct. Spec. App. July 27, 2022).

9. This Court's "'customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment' and remand with directions to dismiss." *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 327 (4th Cir. 2021), *cert. denied sub nom. Marshall v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 142 S. Ct. 1447 (2022).

4

Doing so "promotes the 'orderly operation of the federal judicial system' and thus protects the public interest,'" while "also 'clear[ing] the path for future relitigation of the issues between the parties'" should that become necessary. *Id.* (citations omitted). "That the case became moot by happenstance also favors vacatur," because it relieves the non-prevailing party below of a preclusive judgment where the appellate process has otherwise been cut off. *Id.* at 328 (citations omitted).

WHEREFORE, the parties jointly request that this Court enter an order vacating the judgment of the United States District Court for the District of Maryland and remanding for further proceedings with instruction to dismiss the case as moot.

Respectfully submitted,

/s/ David H. Thompson

David H. Thompson
Peter A. Patterson
Tiernan Kane
COOPER & KIRK, PLLC
1525 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-0691 (facsimile)

Attorneys for Appellants

5

                                            BRIAN E. FROSH
                                            Attorney General of Maryland

                                            /s/ Ryan R. Dietrich
                                            _____
                                            RYAN R. DIETRICH
                                            Assistant Attorney General
                                            Office of the Attorney General
                                            200 Saint Paul Place, 20th Floor
                                            Baltimore, Maryland  21202
                                            rdietrich@oag.state.md.us
                                            (410) 576-7648
                                            (410) 576-6955 (facsimile)

August 3, 2022                              Attorneys for Appellees